UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Respondent,<br><br>  v.<br><br>MARCO GUZMAN,<br><br>  Movant. | No.  2:21-cr-0108 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 50.

I.  Factual and Procedural Background

On December 2, 2021, movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ECF Nos. 33, 36.  On May 26, 2022, he was sentenced to a total of 77 months in prison and judgment was entered on June 8, 2022.  ECF Nos. 45, 47.  Movant did not file a notice of appeal.  The present § 2255 motion was filed on July 25, 2024.[1]  ECF No. 50.  Movant was ordered to show cause why his motion should not be dismissed as untimely and advised that he should provide additional information if he believed that he was

---

[1] Since movant is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

entitled to a different trigger date or equitable tolling. ECF No. 57 at 2-5. Movant has responded to the court's order. ECF No. 60.

      II.    Motion to Vacate, Set Aside, or Correct Sentence

Movant seeks to correct his sentence on the ground that, after the United States Supreme Court's decision in New York State Rifle & Pistol Association v. Bruen, 597 U.S. 1 (2022), his conviction violates his Second Amendment right to bear arms. ECF No. 50 at 1.

      III.    Order to Show Cause

           A.  Statute of Limitations

A one-year statute of limitations applies to a motion filed under 28 U.S.C. § 2255. In most cases, the clock begins running from "the date on which the judgment of the conviction becomes final." 28 U.S.C. § 2255(f)(1). The court previously found that judgment in this case became final on June 22, 2022, and that absent tolling or an alternate trigger date, the statute of limitations expired on June 22, 2023.[2] ECF No. 57 at 3. Because the instant motion was not filed until July 25, 2024, movant was ordered to show cause why the § 2255 motion should not be dismissed as untimely. Id.

In directing movant to show cause, the court advised that alternative trigger dates could apply and that if movant believed the statute of limitations began to run on a different date than that identified by the court, "he should identify that date and explain why he believes the one-year period runs from that date." Id. Movant was further advised that equitable tolling might apply if he could show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Holland v. Florida, 560 U.S. 631, 649 (2010) and citing United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004)). In the event movant believed he was entitled to equitable tolling, he was directed to provide "information regarding any extraordinary circumstances that he believes entitle him to tolling, the dates that those circumstances existed, and what steps he took to pursue

---

[2] The court noted that to the extent movant was attempting to assert an alternate trigger date based on the decision in Bruen, that opinion was issued the day after his judgment became final, and his § 2255 motion was still untimely even if Bruen provided an alternate trigger date. ECF No. 57 at 3.

2

the petition during that time." ECF No. 57 at 4.

  B. <u>Movant's Reply</u>

  Movant responded to the court's order by arguing that his § 2255 motion should not be time barred because when he arrived at U.S.P. Pollack in July 2022 it was on lockdown, and when the prison came off that lockdown there was another eight-month lockdown, after which they were on modified program until April 2023. ECF No. 60 at 2. During this time, movant asserts he could not access the law library, and once he was able to access the library he had to learn how to conduct research. <u>Id.</u> Once he learned how to look up cases, movant began formatting his motion in August 2023 but was sent to the special housing unit ("SHU") and subsequently transferred to U.S.P. McCreary, where he was denied access his property, including his § 2255 motion. <u>Id.</u> Once movant gained access to his property, he mailed his motion to the court. <u>Id.</u>

  C. <u>Discussion</u>

  Movant does not offer any alternative trigger date, and his argument for why his § 2255 motion should be deemed timely rests solely on equitable tolling. "Equitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" <u>United States v. Gilbert</u>, 807 F.3d 1197, 1202 (9th Cir. 2015) (alteration in original) (quoting <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010)). In addition to showing extraordinary circumstances, "a litigant seeking equitable tolling bears the burden of establishing . . . that he has been pursuing his rights diligently." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" <u>Holland</u>, 560 U.S. at 653 (internal citations and additional quotation marks omitted). Movant bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418.

  Movant first argues that in July 2022, the prison went on lockdown until April 2023, during which time he had no access to the law library. ECF No. 60 at 2. However, a lockdown is not an extraordinary circumstance per se. <u>See</u> <u>Sossa v. Diaz</u>, 729 F.3d 1225, 1236-37 (9th Cir.

2013) (reversing dismissal of petition as untimely and remanding for further factual development regarding whether petitioner was entitled to equitable tolling based on lockdowns and lack of access to the law library); Zamudio-Reyes v. Becerra, 708 F. App'x 463, 464 (9th Cir. 2018) ("In an appropriate case, both concerns for safety and lockdown—partial or complete—may present extraordinary circumstances that warrant equitable tolling. Whether this is so depends on the particular facts of each case."). Similarly, limitations on an inmate's ability to access the law library will not ordinarily constitute extraordinary circumstances. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [a petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner.").

In this case, movant has failed to make the necessary showing that the lockdown and resultant lack of access to the law library entitle him to equitable tolling. Movant indicates that the lockdown lifted, at least briefly, but he fails to specify the exact duration of the lockdown or offer any details regarding his lack of access other than to make a conclusory assertion that he had no access to the law library. But even if the court assumes that lockdown and lack of library access amounted to an extraordinary circumstance, movant must still show that he was reasonably diligent in pursuing his motion despite those circumstances. Movant has failed to do so. The response to the order to show cause offers no information as to what steps, if any, movant took to attempt to pursue his rights between July 2022 and April 2023.

Movant also argues that at some point after he began formatting his § 2255 motion in August 2023, he was sent to the SHU and transferred to another prison where he was denied his property, including his motion. ECF No. 60 at 2. However, movant does not specify when he lost or re-gained access to his property. He also fails to identify any steps he took to obtain access to his already drafted motion or otherwise pursue his rights during that time. While movant's alleged inability to access his already drafted motion and property was certainly inconvenient, he offers no explanation for why it prevented him from simply drafting another motion, particularly when the motion at issue is one page in length with no attachments other than a letter to the court stating that he is challenging his conviction. Without specific dates and

4

information, movant has not met the "very high" burden of establishing the extraordinary circumstances under which equitable tolling applies. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule" (alteration in original) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000))); Byrant v. Idaho, 79 F. App'x 257, 258 (9th Cir. 2003) (upholding denial of equitable tolling where petition "failed to demonstrate specific facts proving that the transfers or library holdings in any way affected his ability to file on time" because "prison transfers and inadequate libraries may constitute extraordinary circumstances, but the inquiry is 'highly fact dependant' [sic]" (quoting Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002))).

D. Summary

As set forth above, movant has not demonstrated the existence of extraordinary circumstances. Moreover, despite being advised that he needed to identify the time periods during which any claimed extraordinary circumstance existed, movant fails to identify any specific dates for the conditions he claims prevented his timely filing. Finally, movant fails to identify what actions he took to pursue his § 2255 motion during the periods of alleged extraordinary circumstance such that the court can find he was diligently pursuing his rights. Since movant has failed to identify any extraordinary circumstances, the specific periods during which they existed, or that he was diligent, he has not shown that he is entitled to equitable tolling.

IV. Conclusion

Movant has failed to demonstrate that he is entitled to equitable tolling or that an alternate trigger date applies, and his § 2255 motion therefore should be dismissed as untimely.

Accordingly, IT IS RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 50) be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If movant files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: April 29, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE