1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                  No. 2:21-cr-00108-DC-AC-1

12                   Plaintiff,

13           v.                                  ORDER DENYING DEFENDANT'S
                                                 MOTION FOR RETURN OF MONEY
14    MARCO GUZMAN,                              SEIZED

15                   Defendant.                  (Doc. No. 63)

16    _____

17         On August 29, 2025, Defendant Marco Guzman filed a motion for return of money

18    seized. (Doc. No. 63.)

19         Pursuant to Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an

20    unlawful search and seizure of property or by the deprivation of property may move for the

21    property's return." Fed. R. Crim. P. 41(g). A motion under Rule 41(g) "must be filed in the

22    district where the property was seized." *Id*. Further, Rule 41(g) requires that "the court must

23    receive evidence on any factual issue necessary to decide the motion." *Id.*

24         In his one-paragraph motion for return of money seized, Defendant states on January 1,

25    2021, he "was arrested by the Stockton Police Department w[h]ere [his] money was confiscated

26    and [he] was taken into custody." (Doc. No. 63 at 1.) Defendant asks in his motion "how do I go

27    about getting my money back that was confiscated." (*Id.* at 1–2.) Because Defendant does not

28    specify the money he is referring to, nor provide any evidence from which the court could decide

                                                1

1   his motion as is required by Rule 41(g), the court will deny Defendant's motion for return of

2   money seized. *See United States v. Shane*, No. 2:11-cr-00476-TLN, 2013 WL 4516113, at *3

3   (E.D. Cal. Aug. 23, 2013), aff'd sub nom. *United States v. DuShane*, 623 F. App'x 332 (9th Cir.

4   2015) (denying the defendant's motion for return of property and explaining that "[f]or the Court

5   to decide this issue it must receive the necessary evidence," and "[t]he Court has not been

6   provided such evidence at this time").

7         The court notes that it has also reviewed the docket in this case to determine whether the

8   money Defendant refers to in his motion is evidenced elsewhere in this case. It is not. Defendant

9   pled guilty to one count of being a felon in possession of a firearm, and there were no terms of

10  forfeiture in his judgment and sentence. (*See* Doc. No. 47.) The factual basis of Defendant's plea

11  agreement reflects that Defendant was arrested by Stockton Police Officers on January 1, 2021.

12  (Doc. No. 36 at 9.) That factual basis also describes Defendant's interactions with those officers

13  in detail and does not mention any confiscation of money. (Doc. No. 36 at 9.)

14        For these reasons, Defendant's motion for return of money seized (Doc. No. 63) is

15  DENIED.

16

17        IT IS SO ORDERED.

18  Dated:   **September 22, 2025**

Dena Coggins
United States District Judge

19

20

21

22

23

24

25

26

27

28

2